UNITED STATES DISTRICT COURT        NORTHERN DISTRICT OF NEW YORK

**FRANCIS FOGARTY, JR,**

                Plaintiff,

-against-

**CITY OF TROY and City of Troy Police Officers KYLE JONES and ROBERT SMITH, both individually and/or as agents, servants, and/or employees of the City of Troy.**

                Defendants.

**COMPLAINT**
1:15-cv-1454 (GLS/DJS)

**JURY DEMANDED**

Plaintiff, Francis Fogarty, Jr., by his attorneys, The Kindlon Law Firm, PLLC, respectfully submits the following upon information and belief:

## INTRODUCTION AND JURISDICTION

1. This is an action at law to redress the deprivation by the Defendants, acting under color of statute, ordinance, regulation, custom, and/or usage, of a right, privilege or immunity secured to the Plaintiff by the Constitution of the United States of America, with intent to deny Plaintiff his civil rights, all of which arise under federal law, particularly Title 42 U.S.C. sections 1983, 1985, and 1988, and the Constitutions, Laws and Statutes of the United States.

2. The jurisdiction of this court is invoked under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343(3).

## THE PARTIES

3. At the time of the incident complained, Plaintiff **FRANCIS FOGARTY, JR**, was residing in the City of Cohoes, County of Albany, State of New York, in the Northern District of New York. He is now a resident of the Town of Waterford, County of Saratoga, State of New York, in the Northern District of New York.

1

4. At all times relevant, Defendant **CITY OF TROY** was and is a municipal corporation within the County of Rensselaer, State of New York, in the Northern District of New York, and was the employer of the various named members of the Troy Police Department designated as Defendants herein.

5. At all times relevant, Defendant **KYLE JONES**, City of Troy Police Officer, was an agent, servant, and/or employee of the City of Troy, employed by the Troy Police Department and was acting in his individual and/or official capacity under the color of state law and within the scope of his employment.

6. At all times relevant, Defendant **ROBERT SMITH**, City of Troy Police Officer, was an agent, servant, and/or employee of the City of Troy, employed by the Troy Police Department and was acting in his individual and/or official capacity under the color of state law and within the scope of his employment.

7. Each and all of the acts of the aforementioned Defendants concerning Plaintiff were and are tortuous, and were done in violation of federal law as well as constitutional principles.

8. Plaintiff sues each Defendant in his or its individual and/or official capacity.

## THE FACTS

9. On or about December 23, 2012, in the early morning hours, at or around 200 Broadway in the City of Troy, State of New York, Defendant Police Officer Kyle Jones, without warning, struck Francis Fogarty, Jr. with a baton-like object causing him to fall to the ground.

10. Defendant Police Officer Kyle Jones struck Francis Fogarty, Jr. without advising him that he was placing him under arrest.

11. Francis Fogarty, Jr., concerned about his immediate safety, fled from Defendant

Jones and his weapon.

12. Francis Fogarty, Jr. ran down an alley until he saw Defendant Police Officer Robert Smith with a "K-9" police vehicle.

13. Francis Fogarty, Jr. told Defendant Smith that he had just been assaulted by a City of Troy Police Officer and needed help.

14. Defendant Smith told Francis Fogarty, Jr. to get on the ground face-down, and he complied.

15. Defendant Smith cuffed Francis Fogarty, Jr.'s hands behind his back.

16. After he was handcuffed face-down, Defendant Jones came running toward Francis Fogarty, Jr. and slammed a baton-like object upon his head, causing a laceration to the top of his scalp.

17. After Defendant Jones slammed a baton upon his head, Defendant Jones kicked Francis Fogarty, Jr. – who was still handcuffed face-down – twice in his ribs, causing damage to his ribs.

18. While a handcuffed Francis Fogarty, Jr. was being struck, kicked, and injured by Defendant Jones, Defendant Smith, who had reason to know that excessive force was being used, failed to act and prevent Defendant Jones from causing harm and injury to Francis Fogarty, Jr.; instead, Defendant Smith stood by and did not intervene to stop the physical assault even though he had a realistic opportunity to intervene and prevent harm from occurring.

19. Defendant Smith owed a duty to Francis Fogarty, Jr.to act and intervene to stop the assault of Mr. Fogarty, as well as the deprivation of his constitutional rights, but breached said duty by failing to do so.

20   In the absence of a thorough or proper investigation, without probable cause and/or an arrest warrant Defendant Jones falsely arrested Francis Fogarty, Jr.

21.   Francis Fogarty, Jr. subsequently filed a written complaint with the City of Troy Police Department regarding Defendant Jones' misconduct.

22.   Upon information and belief, the City of Troy Police Department conducted an internal investigation and determined that Defendant Jones used excessive force upon Francis Fogarty, Jr. during the above-described interaction.

23.   Upon information and belief, the City of Troy and the City of Troy Police Department knew or should have known of the Officers' propensity for the conduct that caused Francis Fogarty, Jr.'s injuries.

24.   Upon information and belief, Defendant Jones has deprived others of their constitutional rights and subjected others to an excessive use of force prior to the incident described herein.

25.   Upon information and belief, Francis Fogarty, Jr.'s injuries were caused by a custom, policy, regulation, and/or the deliberate indifference of the City of Troy and its officers, agents, servants and/or employees.

26.   Upon information and belief, Francis Fogarty, Jr.'s injuries were caused by the negligence of the City of Troy and its officers, agents, servants and/or employees, in that they failed to adequately hire, train, employ, supervise and discipline the agents, servants and/or employees who were responsible for, entrusted with, and relied upon for the care, custody, and safety of Francis Fogarty, Jr.

27.   At all times relevant Defendant City of Troy failed to adequately train and/or

supervise the individual agents, employees, and/or servants of the City of Troy Police Department, named and unnamed, to avoid the constitutional violations of Francis Fogarty, Jr.'s rights and resultant damages described herein.

28. Upon information and belief, the occurrence described herein was occasioned without any negligence or wrongdoing on the part of Francis Fogarty, Jr. contributing thereto.

29. As a result of the foregoing, Francis Fogarty, Jr. was deprived of rights, privileges and/or immunities secured by the Constitution and laws of the United States and has been damaged thereby.

30. As a result of the foregoing, Francis Fogarty, Jr. suffered damages, including but not limited to personal injury, pain and suffering, financial hardship, psychological trauma, intentional infliction of emotional harm and other items of damages.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS CITY OF TROY, City of Troy Police Officers KYLE JONES and ROBERT SMITH: EXCESSIVE FORCE/42 U.S.C. 1983

31. Plaintiff repeats and realleges paragraphs "1" through "30" and incorporates the same herein by reference.

32. At all times relevant Defendants **CITY OF TROY**, and City of Troy Police Officers **KYLE JONES** and **ROBERT SMITH** acted under color of law.

33. At all times relevant the acts and omissions of Defendants **CITY OF TROY**, and City of Troy Police Officers **KYLE JONES** and **ROBERT SMITH** were intentional, willful, malicious, and/or reckless.

34. At all times relevant Defendants **CITY OF TROY**, and City of Troy Police Officers **KYLE JONES** and **ROBERT SMITH** were deliberately indifferent to Plaintiff's

safety, health, and constitutional rights.

35. At all times relevant Defendants **CITY OF TROY**, and City of Troy Police Officers **KYLE JONES** and **ROBERT SMITH** owed to Plaintiff a duty to intervene to protect his constitutional rights from infringement by other law enforcement officers in their presence and to intervene to protect him from injury by others, but breached said duty by failing to do so.

36. By their deliberate indifference, Defendants **CITY OF TROY**, and City of Troy Police Officers **KYLE JONES** and **ROBERT SMITH** deprived Plaintiff of his right to be free from the use, and/or threatened use, of excessive force, and Plaintiff was damaged thereby.

37. The deprivation of the aforementioned rights resulted from the existence of policies and/or customs of Defendant **CITY OF TROY**.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a) As and for the cause of action enumerated above, Plaintiff demands judgment against the Defendants in an amount to be determined by a jury, plus interest;

b) Together with punitive and exemplary damages in an amount to be determined at trial;

c) Costs, disbursements and attorney's fees pursuant to Title 42 U.S.C. § 1988 in this action; and

d) Such other and further relief as this Court may deem just and proper.

Dated: December 7, 2015

THE KINDLON LAW FIRM, PLLC

By:   s/Lee C. Kindlon
Bar Number: 511642

*Attorneys for Plaintiff*
74 Chapel Street
Albany, New York 12207
Telephone: (518) 434-1493
Fax: (518) 935-9336
E-mail: lkindlon@kindlon.com