UNITED STATES DISTRICT COURT    NORTHERN DISTRICT OF NEW YORK

FRANCIS FOGARTY, JR,

                        Plaintiff,

- against -

CIVIL Action No.: 1:15-cv-01454
(GLS/DJS)

CITY OF TROY and City of Troy Police Officers KYLE JONES and ROBERT SMITH, both individually and/or as agents, servants, and/or employees of the City of Troy,

                        Defendants.

## MEMORANDUM OF LAW

Submitted by:

**THE KINDLON LAW FIRM, PLLC**
*Attorneys for Plaintiff*
74 Chapel Street
Albany, New York 12207
(518) 434-1493

TO:    Bailey Johnson DeLeonardis & Peck P.C.
        Crystal R. Peck, Esq.,
        *Attorneys for Defendants*
        Pine West Plaza 5, Suite 507
        Washington Avenue Extension
        Albany, New York 12205

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 2 |
|     POINT I | |
|     GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT ON PLAINTIFF'S FAILURE TO INTERVENE CLAIM | 3 |
| CONCLUSION | 5 |

# TABLE OF AUTHORITIES

**Cases** **Page**

*Anderson v. Branen*, 17 F.3d 552 (2d Cir. 1994)............................................................. 3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..................................................... 2

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)................................................................. 2

*Cox v. County of Suffolk*, 827 F. Supp. 935 (E.D.N.Y. 1993).......................................... 2

*Fincher v. County of Westchester*, 979 F. Supp. 989 (S.D.N.Y. 1997)............................ 2

*Hughes v. Nemier*, 2016 U.S. Dist. LEXIS 167557 (W.D.N.Y. 2016)............................. 3

*Matthews v. City of New York*, 889 F. Supp.2d 418 (E.D.N.Y. 2012)............................. 4

*Noga v. City of Schenectady Police Officers*, 169 F.Supp.2d 83 (N.D.N.Y. 2001).......... 2

*Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996)........................................................... 2

*Travis v. Village of Dobbs Ferry*, 355 F.Supp.2d 740 (S.D.N.Y. 2005).......................... 2

*Yancewicz v. Fayo*, 2016 U.S. Dist. LEXIS 105597 (S.D.N.Y. 2016).............................. 4

# PRELIMINARY STATEMENT

On December 7, 2015, Plaintiff commenced this action against Defendants City of Troy, Kyle Jones, and Robert Smith. Plaintiff brought this action to recover damages for the denial of his constitutional and civil rights pursuant to 42 U.S.C. § 1983 and the United States Constitution. On February 5, 2016, Defendant Robert Smith filed an Answer.

Defendant Robert Smith moves this Court for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1 of the Northern District of New York. Accordingly, Plaintiff submits this memorandum of law and accompanying documents in opposition to Defendant's motion and asserts that his claim merits a trial. Based upon the following and there being genuine issues of material fact, Defendant Robert Smith's motion for summary judgment must be denied.

# STATEMENT OF FACTS

On December 23, 2012, in the early morning hours, Francis Fogarty, Jr. approached Defendant Police Officer Robert Smith, who was sitting in a marked City of Troy Police Department K-9 SUV. (Fogarty[1] at 1). Mr. Fogarty approached Defendant Smith and asked for help. (Fogarty at 1). Defendant Smith ordered Mr. Fogarty to get on the ground. (Fogarty at 2). Mr. Fogarty complied with Defendant Smith's order. (Fogarty at 2). Once on the ground Defendant Smith placed Mr. Fogarty in handcuffs. (Fogarty at 2). At no time did Mr. Fogarty resist. (Fogarty at 2).

Defendant Smith was speaking to Mr. Fogarty when Defendant Police Officer Kyle Jones appeared from out of an alleyway. (Fogarty at 2). Defendant Jones had his baton in his hand; it was visible. (Fogarty at 2). The baton was approximately 30 inches in length. (Plaintiff's Exhibit

---

[1] (Fogarty at --) refers to the Affidavit of Francis Fogarty, Jr., which accompanies this memorandum of law.

1 at 60). Defendant Jones approached and stood in front of Mr. Fogarty near the top of his head. (Fogarty at 2). Defendant Jones swung his baton like a golf club and struck Mr. Fogarty in the head. (Fogarty at 2). Defendant Jones then kicked Mr. Fogarty's cell phone. (Fogarty at 2). Defendant Jones then walked to the side of Mr. Fogarty's body and kicked him in the ribs more than once. (Fogarty at 2). Defendant Smith was next to them when Defendant Jones struck Mr. Fogarty in the head and kicked him in the ribs, but did not intercede or prevent Defendant Jones from causing Mr. Fogarty harm. (Fogarty at 2).

# ARGUMENT

**Standard of Review.**

The party moving for summary judgment has the burden of showing there are no genuine issues as to any material fact. See *Cox v. County of Suffolk,* 827 F. Supp. 935 (E.D.N.Y. 1993), quoting, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986); *Noga v. City of Schenectady Police Officers,* 169 F.Supp.2d 83, 87 (N.D.N.Y. 2001). "A genuine issue for trial exists if, based on the record as a whole, a reasonable jury could find in favor of the non-moving party." *Fincher v. County of Westchester,* 979 F. Supp. 989, 994 (S.D.N.Y. 1997). The party moving for summary judgment also has the burden of identifying those portions of the record that they believe demonstrate the absence of a genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). All evidence and inferences must be viewed in the light most favorable to the non-moving party. See *Travis v. Village of Dobbs Ferry,* 355 F.Supp.2d 740, 746 (S.D.N.Y. 2005). The court must resolve all ambiguities and draw all reasonable inferences against the movant. See *Travis,* 355 F.Supp.2d at 746; *Noga,* 169 F.Supp.2d at 88. "Furthermore, the non-movant will have his allegations taken as true, and will receive the benefit of the doubt when his assertions conflict with those of the movant." *Noga,* 169 F.Supp.2d at 88, quoting, *Samuels v. Mockry,* 77 F.3d 34, 36 (2d Cir. 1996) (quotations omitted).

# POINT I

## GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT ON PLAINTIFF'S FAILURE TO INTERVENE CLAIM.

Whether Defendant Robert Smith had sufficient time to intercede or was capable of preventing the harm being caused by Defendant Kyle Jones is an issue of fact for the jury. See *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994); *Hughes v. Nemier*, 2016 U.S. Dist. LEXIS 167557 *4 (W.D.N.Y. 2016).

Defendant Robert Smith failed to intervene when Defendant Kyle Jones used an objectively inappropriate and unreasonable amount of force upon Mr. Fogarty. Defendant Jones struck Mr. Fogarty in the head with a baton and kicked him more than once in his ribs – while Mr. Fogarty was in handcuffs. (Fogarty at 2). Defendant Jones used this force even though Mr. Fogarty did not resist arrest, struggle with Defendant Officers, or become combative. (Fogarty at 2). Defendant Smith was present while Defendant Jones used this force. (Fogarty at 2). A reasonable jury could conclude, as could Defendant Smith at the time, that such force by Defendant Jones was utilized as punishment or vengeance for running.

A reasonable jury could conclude that Defendant Robert Smith had sufficient time to intercede or was capable of preventing the harm being caused by Defendant Jones. Defendant Jones appeared from the alleyway with a 30-inch baton in hand. (Fogarty at 2; Plaintiff's Exhibit 1 at 60). Defendant Jones approached Mr. Fogarty with the baton in hand and strategically positioned himself in front of the top of his head. (Fogarty at 2). Defendant Jones then swung his baton like a golf club and struck Mr. Fogarty in the head. (Fogarty at 2). Defendant Jones then – for what a reasonable jury could describe as a dramatic pause to his violent acts – took the time to kick Mr. Fogarty's cell phone. (Fogarty at 2). Defendant Jones then walked to the side of Mr.

Fogarty's body and kicked him in the ribs more than once. (Fogarty at 2). Defendant Smith was next to them the entire time, but did nothing. (Fogarty at 2).

Defendant Smith's claim that he did not know Defendant Jones was going to use the baton is belied by the actions of Defendant Jones that were transpiring before him. Defendant Smith could and should have intervened when he saw Defendant Jones approach the handcuffed Mr. Fogarty with the 30-inch baton gripped in his hand. As playwright Anton Chekhov said, 'One must never place a loaded rife on stage if it isn't going to go off.'

Moreover, Defendant Smith could have intervened after Defendant Jones struck Mr. Fogarty in the head with the baton. Defendant Smith could have intervened after Defendant Jones kicked Mr. Fogarty's cell phone. Defendant Smith could have intervened after Defendant Jones initially kicked Mr. Fogarty in the ribs. But, despite these opportunities, he did not intervene.

Moreover, summary judgment is "inappropriate" because "there are genuine disputes of material fact 'concerning what [Defendant Smith] observed regarding [Defendant Jones'] alleged violations of plaintiff['s] constitutional rights.'" *Yancewicz v. Fayo*, 2016 U.S. Dist. LEXIS 105597 *26 (S.D.N.Y. 2016), citing, *Matthews v. City of New York*, 889 F. Supp.2d 418, 443-44 (E.D.N.Y. 2012). While Defendant asserts that Mr. Fogarty was struck twice in the shoulder during an attempt to subdue and arrest him, Mr. Fogarty asserts that he was struck in the head after he was already placed in handcuffs. (Defendant Exhibit C, pages 17-20; Fogarty at 2).

Based on the existence of genuine issues of material fact, Defendant Robert Smith's motion for summary judgment should be denied.

## CONCLUSION

WHEREFORE, it is respectfully requested that this Court deny Defendant Robert Smith's motion for summary judgment; and grant Plaintiff such other and further relief as to the Court seems just and proper.

Dated: March 18, 2017

By: *(signature)*
Gennaro D. Calabrese, Esq.
Bar Roll No.: 516015
The Kindlon Law Firm, PLLC
*Attorneys for Plaintiff*
74 Chapel Street
Albany, New York 12207
(518) 434-1493
Gcalabrese@kindlon.com